RYAN ALEXANDER
Nevada Bar No. 10845
RICHARD ENGLEMANN
Nevada Bar No. 6965
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIA LOPEZ, an Individual; GUSTAVO ELIZONDO, an Individual; MARY IMAN, an Individual and as Parent and Guardian of I. I., a Minor;<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARMENT, a Political Subdivision of the State of Nevada; CITY OF NORTH LAS VEGAS, a Political Subdivision of the State of Nevada; and DOES I-X, Unknown Persons or Entities;<br><br>Defendants. | Case No.: 2:24-cv-00628-GMN-EJY<br>Hon. Gloria M. Navarro<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs JULIA LOPEZ, ("LOPEZ"), GUSTAVO ELIZONDO ("ELIZONDO"), MARY IMAN ("IMAN"), an Individual and as Parent and Guardian of I. I., a Minor (collectively "Plaintiffs"), and Defendants LAS VEGAS METROPOLITAN POLICE DEPARMENT ("LVMPD") and NORTH LAS VEGAS POLICE DEPARMENT ("CNLV") by and through their respective counsel, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(d) for the Court's approval.

## PROPOSED SCHEDULE

1. <u>Initial Disclosures</u>.   No changes are necessary in the form or requirement for the disclosures under Fed. R. Civ. P. 26(a). Initial disclosures will be made on or about **June 28, 2024**.

2. <u>Discovery will be needed on the following subjects</u>: (a) the allegations in Plaintiff's Complaint including, but not limited to, the allegations concerning Violation of Civil Rights Under 42

U.S.C. §1983, Violation of Civil Rights Under 42 U.S.C. §1983 – *Monell* Liability, Violation of Nevada Constitution, Negligence, Intentional Infliction of Emotional Distress, False Imprisonment; (b) Plaintiff's alleged damages; and (e) Defendants' defenses.

3.    Changes to limitations on discovery. The Parties propose **one year of discovery** from the order, tentatively planned as one year from Monday, June 17, 2024. This request is due to the complicated facts of the First Amended Complaint, which involves claims from four plaintiff against two police agencies who had dozens of officers on scene (and likely a third Defendant department as U.S. Marshals were also reportedly on scene – Plaintiff's Federal Tort Claims are still pending review before they could be added as a party Defendant). Plaintiffs' claims involve an entire household of personal property and emotional/psychological injuries. Discovery will likely involve procedure experts and medical or psychology experts. The Parties agree that this would be beneficial.

4.    Other orders that should be entered by the Court under Rule 26(c) or under Rules 16(b) and (c). The parties are not aware at this time of any other orders that should be entered by the Court under Rule 26(c) or Rules 16(b) and (c).

5.    Discovery cut-off date. Discovery will take 414 days from April 29, 2024, which is the date of Defendant LVMPD's first appearance and 413 days from CNLV's first appearance. Therefore, all discovery should be completed by not later than **June 17, 2025.**

6.    Amendment of pleadings and additions of parties. Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date. Therefore, any such motion shall be filed not later than **March 19, 2025**.

7.    Disclosure of expert witnesses. In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made sixty (60) days prior to discovery cut-off date. Therefore, such disclosures shall be made not later than **April 18, 2025**. Disclosures identifying rebuttal experts shall be made thirty (30) days after the disclosure of experts. Therefore, such disclosures shall be made not later than **May 19, 2025** (next calendar court date).

8.    ~~Interim Status Report. Sixty (60) days prior to the close of discovery, the parties shall file an Interim Status Report, as required by LR 26-3, stating the time estimated for trial, three alternative~~

~~dates for trial and whether or not trial will be proceeding or affected by substantive motions.  Therefore, the Interim Status Report shall be filed not later than **April 18, 2025.**~~

9.      Dispositive motions.  Dispositive motions must be filed within thirty (30) days after the close of discovery.  Therefore, such motions shall be filed not later than **July 17, 2025**.

10.      Alternative Dispute Resolution.   The Parties believe that some discovery, including written requests or depositions, is required before mediation would be effective.

11.      Pretrial Order.  If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of dispositive motions.  Therefore, the Joint Pretrial Order shall be filed not later than **August 18, 2025**.  In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

12.      Pretrial disclosures.   Unless otherwise stated herein and ordered by the Court, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.

13.      E-discovery**.**   The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format ("PDF Format") to allow for proper and consistent Bates numbering.  The PDF documents are also to be produced in a recognize text Optical Character Recognition ('OCR") format.  If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

14.      Clawback Agreement.  In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted.  Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

3

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

1    If the Discloser asserts that it inadvertently produced privileged or confidential items in

2    accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or

3    documents and any copies within ten days of the notification. The Recipient(s) must further permanently

4    destroy any electronic copies of such specified material or documents and affirm in writing to counsel

5    for the Discloser of such destruction.

6    In the event that the Recipient(s) contends the documents are not subject to privilege or

7    confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the

8    Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement,

9    challenge the privilege claim through a Motion to Compel or other pleading with the District Court in

10   which the Litigation is currently pending.  The Parties agree that any review of items by the judge shall

11   be an *in camera* review.

12   Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or

13   should the presiding judge determine that the documents are in fact subject to privilege or confidentiality,

14   the documents, or information contained therein or derived therefrom, may not be used in the Litigation

15   or against the Discloser in any future litigation or arbitration brought by the Recipient(s).  Nothing

16   contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may

17   wish to assert under applicable state or federal law.

18   In the event that the Recipient challenges the privilege or confidentiality of the inadvertently

19   disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover

20   reasonable attorney's fees for bringing the motion, to be determined by the Court.

21   //

22   //

23

24

25

26

27

28

4

15. <u>Extensions or modifications of the discovery plan and scheduling order</u>.  In accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty (20) days before the discovery cut-off date.  Therefore, such stipulations or motions shall be made not later than **May 28, 2025**.

DATED this 17th day of June, 2024.
**RYAN ALEXANDER, CHTD.**

/s/Ryan Alexander
RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
*Attorneys for Plaintiffs*

DATED this 17th day of June, 2024.
**MARQUIS AURBACH**

/s/Craig R. Anderson
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
canderson@maclaw.com
*Attorneys for Defendant Las Vegas Metropolitan Police Department*

DATED this 17th day of June, 2024.
**NORTH LAS VEGAS CITY ATTORNEY**

/s/Noel E. Eidsmore
Andy D. Moore, Esq. Nev. Bar No. 9128
Acting City Attorney
Noel E. Eidsmore, Esq. Nev. Bar No. 7688
Chief Deputy City Attorney
Madison Zornes-Vela, Esq. Nev. Bar No. 13626
Deputy City Attorney
2250 Las Vegas Blvd. North, Suite 810
North Las Vegas, Nevada 89030
*Attorneys for City of North Las Vegas*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED: June 18, 2024**

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102